(C.D. 3846)

C. S. EMERY & COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 12, 1969)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *E. Thomas Honey* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

RAO, Chief Judge: The merchandise covered by the protests herein, consolidated at the trial, consists of two types of textile fabrics, identified on the invoices as "SMP" and "6 LB". The former was assessed with duty at 20 per centum ad valorem under item 359.10 of the Tariff Schedules of the United States, as textile fabrics, including laminated fabrics, not specially provided for, of cotton. The latter was assessed at $17\frac{1}{2}$ per centum ad valorem under item 359.60 as other

textile fabrics, including laminated fabrics, not specially provided for. It is claimed that both types of merchandise are dutiable at 11 per centum ad valorem under item 355.65, as woven or knit fabrics (except pile or tufted fabrics), of textile materials, coated or filled with rubber or plastics material, or laminated with sheet rubber or plastics, except foam or sponge sheet, of vegetable fibers.

Samples of the material and the official papers were received in evidence at the trial. The invoices described the material designated as "SMP" as follows:

> Thermoplastic, woven cotton fabric material sandwiched by calendering ground box toe cuttings scrap between same. Numerals indicate caliper range of stock.

Counsel for the respective parties entered into the following stipulation as to the material designated as "SMP":

> MR. SCHWARTZ: At this time, if the court please, the plaintiff offers to stipulate that the merchandise in these consolidated protests, identified or described on the invoices or entries as SMP, with or without other terms or words of identification or description, consists of woven cotton fabrics, other than pile or tufted fabrics, of textile materials laminated with plastics, and that said merchandise weighs not over 44 ounces per square yard, without regard to the relative quantities of the textile fibers and the plastics material.

> We further offer to stipulate that the merchandise doesn't consist of any product described in Part 5., 6., or 7.A. of Schedule 3., or Part 4.B. of Schedule 2., or Part 1.G. of Schedule 5., or in Schedule 7. of the Tariff Schedules of the United States.

> MISS STRUM: I have consulted with the Customs officials at this port, Mr. Thornton, the assistant district director is here, and with the understanding that this merchandise was all imported subsequent to the Technical Amendments Act of 1965, the Government so stipulates.

> MR. SCHWARTZ: Thank you, Miss Strum.

> If the court please, it is my understanding that the merchandise would now be classified. The merchandise as to which we have entered into a stipulation, SMP, would now be classified as claimed in the protests under Item 355.65.

> MISS STRUM: That is my understanding, your Honor.

The protests were abandoned as to the merchandise designated as "6 LB".

In view of the stipulation and on the record presented, we hold that the merchandise designated on the invoices or entries as "SMP", with or without other terms or words of identification or description, is properly dutiable under item 355.65 of the Tariff Schedules of the United States, as amended by the Tariff Schedules Technical Amendments Act of 1965, at 11 per centum ad valorem, as woven or knit

fabrics (except pile or tufted fabrics) of textile material, coated or filled with rubber or plastics material, or laminated with sheet rubber or plastics, except foam or sponge sheet, of vegetable fibers.

To that extent the protests are sustained. As to the merchandise designated as "6 LB", the protests, having been abandoned, are dismissed. Judgment will be entered accordingly.